Dear Mr. Daniel:
This opinion is in response to your predecessor's question: "Do Juvenile officers as described, under RSMo.211.401, fall under the provisions of Chapter 590. RSMo?" At first glance, the answer would seem to be that juvenile officers might in fact fall within the provisions of Chapter 590, RSMo.
Chapter 590 RSMo relates to the selection and training of peace officers. Section 590.100(2), RSMo, defines peace officers as:
 "members of the state highway patrol, all state, county, and municipal law enforcement officers possessing the duty and power of arrest for violation of the general criminal laws of the state or for violation of ordinances of counties or municipalities of the state who regularly work more than thirty-two hours a week."
Subsection 2 of section 211.401, RSMo provides:
 "The juvenile officer is vested with all the power and authority of sheriffs to make arrests and perform other duties incident to his office."
Therefore, at first glance, it might seem that juvenile officers are peace officers.
However, juvenile officers are not law enforcement officers in the general sense. A reading of Chapters 211 and 590, RSMo, establishes that the legislature did not intend to include juvenile officers within the term peace officer. First, juvenile officers have a calling which is separate and distinct from peace officers. As was stated in In re F____ C____, 484 S.W.2d 21, 25
(Mo.App., K.C.D. 1972):
 "The Juvenile Act is rooted in the concept of parens patriae, that the state will supplant the natural parents when they fail in that role. The dominant purpose [to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court] is clearly stated in section 211.011, V.A.M.S. and carries through the entire Act. It is a purpose which has been reaffirmed perennially by our courts, most recently by the Supreme Court in State v. Arbeiter, Mo., 449 S.W.2d 627, 633 [2]. The juvenile officer, at least up to the adjudicatory phase of the proceeding, is the primal instrument of that purpose. He is charged by section 211.041 to investigate and bring together such information about the child as the court may require. This preliminary exploration . . . generally involves a meeting of the child and parent with the juvenile officer in an informal setting. The juvenile officer is seen there not as an adversary but in an attitude of helpfulness. He elicits the child's cooperation freely, and generally the child responds freely, often to the extent of admitting the conduct which brought him into the juvenile process to begin with . . . . Thus, the procedures and purposes of the Juvenile Act contemplate a relationship of trust and confidence between the child and juvenile officer as the first indispensible step to rehabilitation."
Thus, juvenile officers, as officers of the juvenile court, occupy a special relationship to the juvenile who comes before the court. While peace officers and juvenile officers do engage in the business of solving transgressions against society, the primary purposes of the juvenile court and its officers are the rehabilitation of the child and the treatment of his emotional and family problems, while the primary duties of peace officers are to ferret out and prevent crime. State v. Arbeiter,449 S.W.2d 627 (Mo. 1970).
Second, in keeping with their separate functions, the legislature has provided that juvenile officers and peace officers be possessed of different qualifications and undergo separate training.
Furthermore, a close reading of Chapter 590, RSMo also discloses that the purpose of the chapter is to establish certain minimum qualifications for those peace officers who are to be appointed by law enforcement agencies. Section590.110.1 RSMo provides that "no person shall be employed or appointed as a peace officer by any public law enforcementagency. . . ." [emphasis added] However, juvenile officers are not appointed by public law enforcement agencies; they are appointed by the juvenile court. Section 211.351.1, RSMo.
Conclusion
It is therefore our view that juvenile officers do not come within the definition of peace officers as provided by § 590.100(2), RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, S. Francis Baldwin.
Yours very truly,
 JOHN ASHCROFT Attorney General